[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11448

Non-Argument Calendar

_____

FAGALE S. GRANT,

Plaintiff-Appellant,

*versus*

ELMORE COUNTY BOARD OF EDUCATION,
DALE BAIN,
in his Official and or Individual capacities as
member of of the Elmore County Board of
Education,
DAVID JONES,
in his Official and or Individual capacities as
member of of the Elmore County Board of
Education,

LEISA FINLEY,
in her Official and or Individual capacities as
member of of the Elmore County Board of
Education,
WENDELL SAXON, et al.,
in his Official and or Individual capacities as
member of of the Elmore County Board of
Education,

                                                  Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:19-cv-00058-JTA

_____

Before NEWSOM, GRANT and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Fagale Grant, an African-American female who formerly worked as a teacher, appeals the grant of summary judgment to the defendants, including seven members of the Elmore County Board of Education, Board Superintendent, Richard Dennis, and the Elmore County Board of Education (the "Board"), on her claims of, *inter alia*, race and age discrimination. Grant argues

that she presented a "convincing mosaic" of circumstantial evidence that would allow a reasonable jury to infer that the defendants intentionally discriminated against her based on her race and that led to the termination of her employment. Additionally, Grant argues that she has met her burden in showing a *prima facie* case of age discrimination, in addition to also presenting a "convincing mosaic" of circumstantial evidence that would allow a reasonable jury to infer that the defendants intentionally discriminated against her based on her age in connection with her termination.[1] Having read the parties' briefs and reviewed the record, we affirm the district court's [2] grant of summary judgment to the defendants.

## I.

When appropriate, we will review a district court's order granting summary judgment *de novo*, "viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005).

---

[1] Grant also alleged claims of discrimination based on disability and violation of her First Amendment and due process rights. Following a concession by Grant, the district court granted summary judgment to the defendants on those claims. Because she does not challenge the district court's disposition of those claims on appeal, she has abandoned them. *United States v. Campbell*, 26 F.4th 860, 872-73 (11th Cir. 2022) (*en banc*), *petition for cert. denied*, 143 S. Ct. 95 (2022).

[2] The parties consented to have a magistrate judge enter a dispositive final judgment in this case pursuant to 28 U.S.C. § 636, et seq.

However, an issue that was not raised in the district court and is raised for the first time on appeal in a civil case is considered forfeited, and we will not address its merits absent extraordinary circumstances. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331-32 (11th Cir. 2004); *Campbell*, 26 F.4th at 872-73. "But once a party has preserved an issue, it may make any argument in support of that claim; parties are not limited to the precise arguments they made below." *United States v. Brown*, 934 F.3d 1278, 1306-07 (11th Cir. 2019) (quotation marks omitted). Similarly, issues not raised in an appellant's initial brief are deemed abandoned and will not be addressed absent extraordinary circumstances. *Campbell*, 26 F.4th at 872-73; *see Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (stating an appellant must clearly and specifically identify in her brief any issue she wants the appellate court to address). Moreover, a district court's judgment should be affirmed if an appellant fails to challenge each of the court's independent, alternative grounds for its ruling. *Id.*

The record here demonstrates that Grant argues for the first time on appeal that she established a "convincing mosaic" of circumstantial evidence allowing a jury to infer the defendants' intentional race discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2; 42 U.S.C. § 1981; and 42 U.S.C. § 1983. As she has not argued that extraordinary circumstances exist warranting an examination of the issue on the merits, however, we conclude that she has forfeited the argument on appeal.

Additionally, Grant fails to challenge the district court's finding that she did not establish a *prima facie* case of race discrimination under *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). Although the evidence showed that her employment ended after she announced an intent to voluntarily retire, there was no evidence that she suffered an adverse employment action or that the defendants treated a similarly situated comparator more favorably than her. Thus, she has abandoned any challenge to this argument on appeal. Accordingly, we affirm the district court's grant of summary judgment to the defendants as to Grant's claims of race discrimination.

## II.

The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), prohibits certain actions by an employer, including the termination of an employee based on her age, which must be age 40 or older. *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1270 (11th Cir. 2014); *see also* 29 U.S.C. § 623(a). A plaintiff may support a claim under the ADEA through either direct evidence or circumstantial evidence. *Mazzeo*, 746 F.3d at 1270. To ultimately prevail, a plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the "but-for" cause of the challenged employer decision. *Id.*

A plaintiff can employ different frameworks to survive summary judgment by using circumstantial evidence to support her ADEA claim. *See Sims v. MVM, Inc.*, 704 F.3d 1327, 1333 (11th Cir. 2013) (ADEA case discussing the frameworks under *McDonnell*

*Douglas* and *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011)).  Most commonly, a plaintiff alleging that her age was her employer's only motivation in discriminating against her uses the burden-shifting framework established in *McDonnell Douglas*.  Under the *McDonnell Douglas* burden-shifting framework, a plaintiff must first establish a *prima facie* case of age discrimination.  *Mazzeo*, 746 F.3d at 1270.  If the plaintiff does so, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged employment action.  *Id.*  If the defendant articulates at least one such reason, the plaintiff is then given the opportunity to show that the employer's stated reason is merely a pretext for discrimination.  *See id.*

In age discrimination cases, there are several ways to prove a *prima facie* case within the greater *McDonnell Douglas* framework, and the appropriate method depends on the facts of the case. *See id.* at 1270-71.  Under a discriminatory-discharge theory, a plaintiff may establish a *prima facie* case by showing that: (1) she was a member of a protected group; (2) she was subject to an adverse employment action; (3) a substantially younger person filled the position from which the plaintiff was fired; and (4) she was qualified for the job in question.  *Id.* at 1270 (citation omitted).  By contrast, under a reduction-of-force analysis, a plaintiff may show that where the employer eliminated her position: (A) she belonged to a protected group; (B) she was qualified for the position held or to assume another position at the time of discharge; and (C) sufficient evidence exists from which a reasonable jury could find that the

employer intended to discriminate based on age through its employment decision. *Id.* at 1271. Generally, a discriminatory-discharge analysis is appropriate where the plaintiff's position exists after she was terminated and filled by a younger person, and a reduction-in-force analysis is appropriate where the employer eliminates the plaintiff's position. *See id.* at 1270-71.

We presume that resignations are voluntary, unless an employer forces the employee to resign by coercion, duress, or misrepresentation of a material fact. *Hargray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995). There are several factors a court should consider in evaluating whether a resignation was forced, including whether the employee: (1) was given some alternative to resignation; (2) understood the nature of the choice given; (3) had a reasonable time in which to choose; (4) was allowed to choose the effective date of the resignation; and (5) had the advice of counsel. *Id.* A resignation may be voluntary even when the only other alternative is facing possible termination for cause. *Id.*

The record shows that the district court did not err in granting summary judgment on Grant's age discrimination claim because Grant voluntarily set in motion the events which resulted in her retirement. Grant was aware that the school Superintendent annually distributed a memorandum in February asking teachers whether they would return the following school year, which enabled the system to identify upcoming vacancies, advertise those positions, and hire as needed. Having decided in December of 2016 to retire, she responded to the Superintendent's inquiry by

indicating that she would retire and by providing a letter affirming this decision.  Grant took no affirmative steps to rescind this or to inform the Board or the Superintendent that her retirement was contingent upon receiving disability retirement.  Thus, considering the totality of the circumstances, Grant's separation from employment was the natural result of her own action and was not a result of coercion, duress, or misrepresentation of a material fact.  *Hargray*, 57 F.3d at 1568.  Additionally, Grant's "convincing mosaic" argument fails for the same reason discussed above, as she failed to preserve that argument for appeal.  Thus, we affirm in this respect as well.

Accordingly, based on the aforementioned reasons, we affirm the district court's grant of summary judgment to the defendants on Grant's claims of race and age discrimination in her employment.

**AFFIRMED**.